UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.:

MANUEL CHAVOUS,

    Plaintiff,

vs.

CITY OF SAINT PETERSBURG,

    Defendant.
_____/

**COMPLAINT**

**COMES NOW** Plaintiff, **MANUEL CHAVOUS** ("Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, **CITY OF SAINT PETERSBURG**, ("Defendant"), and alleges as follows:

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for damages under the Family Medical Leave Act, 29 U.S.C. §2601, et seq. ("FMLA") Florida Statutes, discrimination based on disability and wrongful, retaliatory discharge of an employee in violation of Section 440.205 of the Florida Statutes.

2. At all times material hereto, Plaintiff was a resident of Pinellas County, Florida.

3. Defendant is a Corporation authorized to conduct business in the State of Florida,

4. Venue is proper in Pinellas County pursuant to Florida Statutes because the employment practices hereafter alleged to be unlawful were committed within the jurisdiction of Pinellas County.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

5. Plaintiff worked for Defendant from on or about April 17, 2017 to on or about July 26, 2018 as an Equipment Operator.

6. On or about November 9, 2017 Plaintiff was hurt on the job.

7. Plaintiff injured his hand stepping up on a trailer, white unloading loads of grass.

8. Plaintiff tripped and fell forward hitting the trailer.

9. Plaintiff then went and reported his injury to the foreman, Freddy Jones.

10. Defendant provided Plaintiff with Worker's Compensation and had Plaintiff go see a doctor.

11. Plaintiff was placed on light duty and was told that there was a 2% MMI (Maximum Minimum Improvement).

12. Once Plaintiff reached his MMI, he stopped receiving treatment.

13. On or about May 9, 2018, Plaintiff was injured a second time.

14. Plaintiff was involved in an automobile accident while driving a crew truck on the clock.

15. Plaintiff again reported his injury to Freddy Jones.

16. Plaintiff was again given Worker's Compensation and found that he had suffered a concussion, neck injury, back injury, shoulder injury, and hurt his previously injured hand again.

17. However, this time Plaintiff was told that there were no injuries according to x-rays.

18. Plaintiff was told that he was on full duty even though he informed them that he was still enduring a great deal of pain.

19. Plaintiff was written up for missing days at work even though they were due to his doctor's appointments.

20. Plaintiff's supervisors wrote him up even though they knew of his predicament and had his schedule.

21. Plaintiff had previously requested and applied for FMLA and even provided a doctor's note informing them of his light duty.

22. Plaintiff was then placed on a 5-day suspension.

23. Mr. Chavous inquired as to why he was being disciplined for something that was out of his control but received no legitimate answer as to why.

24. Plaintiff was then left with no choice but to file a grievance.

25. Upon doing this, Defendant then tried changing his suspension to two days.

26. Mr. Chavous declined their offer.

27. Upon his return, Plaintiff was given a notice of termination.

## COUNT I
### *FMLA INTERFERENCE*

28. Plaintiff readopts and realleges all of the allegations contained in paragraphs 1 through 27 above, as fully set forth herein.

29. Defendant, CITY OF SAINT PETERSBURG, shortly after Plaintiff's request for approved leave authorized under the Act, terminated him from the position he held with the company.

30. Defendant, CITY OF SAINT PETERSBURG, failure to restore Plaintiff, MANUEL CHAVOUS, to his previous position or to an equivalent position in accordance with the Act was not based on reasonable grounds and was not in good faith.

31. As a result of Defendant, CITY OF SAINT PETERSBURG's, lack of good faith and reasonable grounds in disregarding the Act, Plaintiff, MANUEL CHAVOUS, is entitled

to liquidated damages in an amount equal to all lost wages, salary, employment benefits and other compensation and interest thereon.

WHEREFORE, Plaintiff demands judgment against Defendant, CITY OF SAINT PETERSBURG, for payment of all lost wages, salary, employment benefits and other compensation, an equal amount in liquidated damages, interest thereon, reinstatement, reasonable attorneys' fees, and costs of suit, and any and all other relief this Court deems just and proper.

## COUNT II
### *FMLA RETALIATION*

32. Plaintiff readopts and re-alleges all of the allegations contained in paragraphs 1 through 27 above, as fully set forth herein.

33. Defendant, shortly after Plaintiff's return from his suspension, terminated him from his position in retaliation for him exercising his rights under the Act and requesting FMLA thereby adversely affecting Plaintiff.

34. Defendant's termination of Plaintiff was in retaliation for exercising his rights under the Act and was not based on reasonable grounds and was not in good faith.

35. As a result of Defendant's lack of good faith and reasonable grounds of violating the Act, Plaintiff is entitled to liquidated damages in the amount equal to all lost wages, salary, employment benefits and other compensation and interest thereon.

## COUNT III
### *Retaliation Under F.S. § 440.205 Violation*

36. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 27 of this complaint as if set out in full herein.

37. Plaintiff's work prior to his discharge was satisfactory or more than satisfactory and the sole apparent reason for the termination of Plaintiff's employment was that Plaintiff sought or attempted to seek compensation under Florida Workers' Compensation Law, as Plaintiff was entitled to do.

38. The motivating factor which caused the Plaintiff's discharge as described above was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq.  In other words, the Plaintiff would not have been fired but for his claiming worker's compensation benefits as described above.

39. Defendant's termination of Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, Plaintiff has been damaged.

40. By reason of Defendant's wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and has suffered emotional distress.

41. Plaintiff has been unable to find gainful employment since Plaintiff's discharge.

42. Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights.

**WHEREFORE,** the Plaintiff respectfully requests judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages; costs; injunctive relief prohibiting the Defendant from wrongfully discharging in the manner described above; front wages; and for any and all other relief that this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated:   7/14/20                              Respectfully submitted,

                                                             /s/ Rainier Regueiro
Rainier Regueiro, Esq.
Florida Bar Number: 115578
rregueiro@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
COMEAU BUILDING
319 Clematis Street, Suite 606
West Palm Beach, FL 33401
Telephone: (561) 225-1970
Facsimile: (305) 416-5005