UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MANUEL CHAVOUS,

    Plaintiff,

v.                                          Case No: 8:20-cv-1614-KKM-JSS

CITY OF SAINT PETERSBURG,

    Defendant.
_____

**ORDER**

The Court granted the City of Saint Petersburg's motion for summary judgment on Manuel Chavous's claims that the City's decision to fire him violated Florida and federal law. Chavous moves for this Court to reconsider its summary judgment order under Rule 59(e) and Rule 60(b). Because Chavous merely reargues the points the Court already rejected, the Court denies the motion.

    I.    **BACKGROUND**

Chavous's Complaint alleged that the City's decision to discipline and fire him interfered with his rights under the Family Medical Leave Act (Count I) and retaliated against him for use of his rights under the FMLA or the Florida Workers' Compensation Act (Counts II and III).

In its summary judgment order, the Court granted Saint Petersburg's motion for summary judgment on all three Counts. (Doc. 24.) The Court concluded that Chavous did not satisfy the prima facie case for his claims and failed to rebut the City's proffered non-retaliatory reasons by showing pretext. The Court explained—in considerable detail—why Chavous's allegations of pretext, considered alone or jointly, did not create a jury issue on whether the City acted on a prohibited basis. Nonetheless, Chavous asks the Court to reconsider its prior decision. (Doc. 26.) The City opposes the motion. (Doc. 32.)

## II. LEGAL STANDARD

Rule 59(e) permits a court to alter or amend a judgment within 28 days after judgment. *See* Fed. R. Civ. P. 59(e). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Shackleford v. Sailor's Wharf, Inc.*, 770 F. App'x 447, 451 (11th Cir. 2019) (per curiam) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). A court's reconsideration of a prior order is an "extraordinary remedy" that should be used "sparingly." *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993) (Kovachevich, J.). Rule 59(e) may not be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

Rule 60(b) permits relief from a judgment or order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). A court may also grant relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under this provision is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.3d 677, 680 (11th Cir. 1984). The moving party must show that "an 'extreme' and 'unexpected' hardship will result" absent relief. *Id.* (quoting *United States v. Swift & Co.*, 286 U.S. 106, 119 (1932)). As with Rule 59(e), a motion for reconsideration under Rule 60(b) "cannot be used to relitigate old matters or present arguments or evidence that the movant could have raised before the entry of judgment." *Imperato v. Hartford Ins. Co.*, 803 F. App'x 229, 231 (11th Cir. 2020) (per curiam).

### III.  ANALYSIS

Chavous asks the Court to reconsider its grant of summary judgment under Rule 59(e) and Rule 60(b). The Court denies his request under both Rules because Chavous fails to satisfy the demanding standards for reconsideration.

Chavous raises nothing new in his motion for reconsideration. Instead, Chavous repeats the arguments from his response to the motion for summary judgment. Chavous again argues that his failure to receive notice of his reinstatement or the temporal proximity between his approved medical leave and his termination would—separately or in

3

combination with other facts—allow a reasonable jury to infer that the City's asserted reason for terminating him was a mere pretext for an impermissible reason under the FMLA or FWCA.

After extensive consideration of those arguments and the facts upon which they rely in its summary judgment order, the Court rejected Chavous's arguments. Despite drawing all reasonable inferences in Chavous's favor, the Court concluded that there was not "sufficient evidence upon which a reasonable juror could find for the non-moving party." (Doc. 24 at 46 (quoting *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003)).) The Court decided that Chavous did not satisfy the elements of his claims or carry his burden under the *McDonnell Douglas* framework. Nor did he identify sufficient circumstantial evidence from which a reasonable jury could find that his termination was related to his protected acts under the FMLA or the FWCA or that the City's asserted reason was a pretext to hide a retaliatory motive.

Chavous's motion for reconsideration disagrees with these conclusions. But he has not established "clear and obvious error" or that "'the interests of justice' demand correction." *McGuire v. Ryland Grp.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (Conway, J.). Instead, the motion recycles the same facts and legal arguments the Court found unpersuasive in its order. "This Court will not reconsider a previous ruling" when the motion "only relitigates what has already been found lacking." *See Lamar Advert. of*

4

*Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 489 (M.D. Fla. 1999) (Kovachevich, J.). Thus, Chavous fails to demonstrate that the "extraordinary remedy" of reconsideration is warranted under either Rule 59(e) or Rule 60(b). *Id.*

IV. CONCLUSION

Chavous fails to justify reconsideration under Rule 59(e) or under Rule 60(b). Accordingly, Chavous's Motion for Reconsideration (Doc. 26) is **DENIED**.

**ORDERED** in Tampa, Florida, on January 27, 2022.

*/s/ Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge